IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


ADRIAN HARRIS,
       Petitioner,

vs.                               Case No. 3:07cv481/MCR/EMT

WALTER A. McNEIL,
       Respondent.
_____/

## REPORT AND RECOMMENDATION

       Now pending is Respondent's motion to dismiss (Doc. 8) the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1).  Respondent seeks dismissal of the petition on the basis that it was untimely filed pursuant to 28 U.S.C. § 2244(d).  Petitioner responded in opposition to the motion (Doc. 12).

       This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b).  After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter. It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

       The procedural background of this case is established by the state court record (Doc. 8, Exhibits).  On September 25, 2003, while housed at Appalachee Correctional Institution, Petitioner received a disciplinary conviction for Attempt to Conspire, a violation of Rule 33-601.314 (9-4) of the Florida Administrative Code (Doc. 1 at 1; Doc. 8 at 1).  As a result of the conviction, Petitioner was sentenced to thirty (30) days in disciplinary confinement, forfeiture of twenty-nine (29) days of gain time, and suspension of visitation privileges (Doc. 1 at 1; Doc. 8 at 1).  Petitioner administratively appealed the disciplinary decision by filing a formal grievance at the institution and appealing the denial of the grievance to the Office of the Secretary (*see* Doc. 1 at 4(a), Appx. A, B; Doc. 8 at 2).  After Petitioner's administrative appeal was denied, he sought judicial review in state court by filing a petition for writ of mandamus in the Circuit Court for Bradford County, Florida on January 20, 2004 (Doc. 1 at 4(a), Appx. C; Doc. 8 at 2, Ex. A).  On February 18, 2005, the state court issued an order summarily denying the petition (Doc. 1 at 4(a); Doc. 8, Ex. C).  Petitioner

sought review of the decision by filing a petition for writ of certiorari with the Florida First District Court of Appeal (First DCA), but the appellate court denied the petition per curiam on the merits on February 15, 2006, with the mandate issuing April 20, 2006 (Doc. 8, Exs. D, F).  Harris v. Crosby, 925 So. 2d 314 (Fla. 1st DCA Feb. 15, 2006) (Table).

On February 9, 2007, Petitioner filed a civil rights action against several officers involved in the disciplinary action, initially seeking monetary damages and amending his complaint to request an order overturning the disciplinary decision.  *See* Complaint, Second Amended Compliant, Harris v. Byler, No. 5:07cv39/RS (N.D. Fla. 2007).  The action was dismissed by the district court on July 30, 2007.  Harris v. Byler, 5:07cv39/RS (N.D. Fla. July 30, 2007).  Petitioner appealed the decision to the Eleventh Circuit Court of Appeals and then voluntarily dismissed the appeal.  The Eleventh Circuit dismissed the appeal on September 7, 2007.  Entry of Dismissal, Harris, *supra*.

On October 5, 2007, Petitioner filed the instant federal habeas petition (Doc. 1 at 6).

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment.  The limitation period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

Both parties assert that § 2244(d)(1)(A) is the appropriate statutory trigger (Doc. 8 at 4; *see* Doc. 12 at 1–2).  Respondent contends that the disciplinary conviction became final on September 25, 2003, the date the disciplinary hearing team rendered its decision finding Petitioner guilty (Doc. 8 at 4).  Petitioner contends the disciplinary decision was not final until March 16, 2006, upon expiration of the ninety (90) day period for seeking certiorari review by the United States Supreme

Court of the First DCA's decision denying certiorari relief (Doc. 12 at 1–2).[1]  The Due Process Clause does not guarantee a prisoner a right to an administrative appeal from a disciplinary decision, *see* King v. Hilton, 525 F. Supp. 1192 (D.N.J. 1981); Kelly v. Cooper, 502 F. Supp. 1371 (E.D. Va. 1980); U.S. ex rel. Jones v. Rundle, 358 F. Supp. 939 (E.D. Pa. 1973), and does not require that prisoners be accorded an automatic appeal to the courts.   Furthermore, although Florida law provided for direct appeals of prisoner disciplinary decisions prior to 1983, jurisdiction to entertain such direct appeals by prisoner was eliminated by the Florida Legislature in 1983.  *See* Hall v. Wainwright, 498 So. 2d 670, 671 (Fla. 1st DCA 1986) (citing Thomas v. Florida Parole and Probation Commission, 436 So. 2d 349 (Fla. 1st DCA 1983)).  Florida courts have concluded that after 1983, prisoners may seek judicial remedy for disciplinary actions of the Department of Corrections (DOC) resulting in the loss of gain time by filing an original proceeding in circuit court as an extraordinary writ petition.  *See* Bush v. State, 945 So. 2d 1207, 1211 (Fla. 2006).  In light of the fact that neither federal nor state law guarantees a prisoner a right to direct review of a DOC disciplinary decision, the undersigned concludes that the only procedures encompassed in the direct review process for purposes of § 2244(d)(1)(A) is the administrative appeal process set for in the Florida Administrative Code, that is, review by the warden of the institution and appeal of the warden's decision to the Office of the Secretary of the DOC.  Review of the administrative decision by the circuit court is in the nature of a collateral proceeding.  Accordingly, in the instant case, the federal limitations period began to run on November 12, 2003, the date that the Secretary's response to Petitioner's appeal was filed with the agency clerk (*see* Fla. Admin. Code r. 33-103.007(8)(a)), and the limitations period expired one year later, on November 12, 2004.[2]

---

[1]The Eleventh Circuit has not determined which statutory trigger applies to § 2254 petitions challenging prison disciplinary decisions; however, the Eleventh Circuit recently held that the appropriate trigger for state habeas petitioners challenging administrative parole decisions, where there is no state law procedure for administratively appealing the decision denying parole, is § 2244(d)(1)(D), the date on which the factual predicate of the claim or claims could have been discovered through due diligence.  Brown v. Barrow, 512 F.3d 1304, 1307 n.1 (11th Cir. 2008) (citing Redd v. McGrath, 343 F.3d 1077, 1081 (9th Cir. 2003); Wade v. Robinson, 243 F.3d 328 (4th Cir. 2003); Cook v. New York State Division of Parole; Kimbrell v. Cockrell, 311 F.3d 361, 363 (5th Cir. 2002)); *see also* Ray v. Mitchem, No. 07-11474, 2008 WL 887379, at *2 (11th Cir. Apr. 3, 2008) (applying same principal to Alabama inmate challenging parole decision where state law did not have direct appeal procedure to challenge parole decision).  An argument can be made that habeas cases filed by Florida prisoners challenging prison disciplinary decisions are distinguishable from Brown v. Barrow, 512 F.3d 1304 (11th Cir. 2008) and Ray v. Mitchem, No. 07-11474, 2008 WL 887379 (11th Cir. Apr. 3, 2008), because unlike the state law in those cases which provided no procedure for administratively appealing decisions denying parole, Florida law provides a procedure for administratively appealing prison disciplinary decisions; thus, "direct review," as the term is used in § 2244(d)(1)(A), is available.  *See* Fla. Admin. Code rr. 33-103.006(3)(b), 33-103.007, 33-601.309.  However, because the parties do not dispute that § 2244(d)(1)(A) is the appropriate statutory trigger, the court need not address whether § 2244(d)(1)(D) applies.

[2]Even if § 2244(d)(1)(D) was the appropriate statutory trigger for the limitations period, the instant petition would still be untimely because Petitioner was aware of the factual predicate for his claim certainly by the time he received the notice of the denial of his administrative appeal, which was no later than January 10, 2004, the date he attached it to his mandamus petition.  Accounting for statutory tolling, discussed *infra*, his federal petition would be

Even though Petitioner did not file his federal petition on or before November 12, 2004, he may be entitled to review of his petition if the limitations period was tolled pursuant to statutory tolling principles. Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, the record shows that on January 20, 2004, sixty-eight (68) days after the federal limitations period commenced, Petitioner filed his mandamus petition in the Bradford County Circuit Court (Doc. 8, Ex. A at 19). Respondent contends the mandamus action was pending until March 2, 2006, upon expiration of the fifteen-day period for filing a motion for rehearing (*see* Doc. 8 at 2). Even if the court extended this date to April 20, 2006, the date of issuance of the First DCA's mandate (*see* Doc. 8, Ex. F), pursuant to Nyland v. Moore, 216 F.3d 1264, 1267 (11th Cir. 2000) (where Florida petitioner appeals trial court's denial of post-conviction application, application remains pending until issuance of the mandate by the appellate court), Petitioner's federal petition, filed October 5, 2007, is untimely because 532 days elapsed from April 20, 2006 to October 5, 2007.[3] Petitioner's contention that he is entitled to statutory tolling for the period in which his federal civil rights action was pending (*see* Doc. 12 at 2–3) is without merit. Federal courts are not part of a State's collateral procedures, which is the only class of applications covered by § 2244(d)(2). *See* Lawrence v. Florida, 127 S. Ct. 1079, 1083, 166 L. Ed. 2d 924 (2007); Duncan v. Walker, 533 U.S. 167, 180, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001) (application for federal habeas corpus review is not "application for State post-conviction or other collateral review," within meaning of § 2244(d)(2), thus, time for filing federal habeas petition was not tolled during pendency of petitioner's first federal habeas petition). Because the federal civil rights action did not toll the limitations period, the limitations period expired on February 12, 2007, well before Petitioner filed the instant federal petition. Accordingly, Respondent's motion to dismiss should be granted, and the habeas petition should be dismissed.[4]

---

untimely because the mandamus proceeding was pending until April 20, 2006 at the latest, and Petitioner's federal petition was filed over one year later, on October 5, 2007.

[3]To the extent Petitioner argues his application for collateral relief was pending until May 16, 2006, upon expiration of the ninety-day period for seeking certiorari review by the United States Supreme Court (*see* Doc. 12 at 1–2), his argument was rejected by the Supreme Court in Lawrence v. Florida, 127 S. Ct. 1079, 1083, 166 L. Ed. 2d 924 (2007) (one-year statute of limitations for seeking federal habeas corpus relief from a state-court judgment was not tolled during the pendency of petition for certiorari to the United States Supreme Court seeking review of denial of state postconviction relief).

[4]Petitioner does not assert grounds for applying any other form of tolling of the limitations period, nor does he assert grounds for applying any exception to the time bar.

Case No.: 3:07cv481/MCR/EMT

Accordingly, it is respectfully **RECOMMENDED**:

1.      That Respondent's motion to dismiss (Doc. 8) be **GRANTED**.

2.      That the petition for writ of habeas corpus (Doc. 1) be **DISMISSED** with prejudice as untimely.

At Pensacola, Florida, this 24<u>th</u> day of April 2008.


<u>/s/ Elizabeth M. Timothy</u>
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**



<u>**NOTICE TO THE PARTIES**</u>

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No.: 3:07cv481/MCR/EMT